```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

CHOSEN ONE JA'MIMA'NI           )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 04-11440-GAO
                                )
COMMONWEALTH OF MASSACHUSETTS,  )
          Defendant.            )
```

MEMORANDUM

On June 23, 2004, plaintiff Chosen One Ja'mima'ni submitted for filing his self-prepared complaint against the Commonwealth of Massachusetts. For the reasons set forth below, plaintiff is advised that his complaint is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

BACKGROUND

On June 23, 2004, Chosen One Ja'mima'ni of Boston, Massachusetts, submitted for filing his one-page, civil rights complaint seeking monetary damages from the Commonwealth of Massachusetts alleging that "six years was (sic) taken from his life in which he has undergone cruel and unusual punishment and dehumanization being denied his liberty and human dignity committing him to state institutions because of his religious beliefs, principles and convictions." See Complaint. Plaintiff seeks "89 million dollars in punitive damages." Id.

1

<u>REVIEW</u>

Because plaintiff has moved to file without prepayment of fees, a summons has not issued in order to allow a preliminary review of plaintiff's complaint to see that it satisfies the requirements of the federal <u>in forma pauperis</u> statute, 28 U.S.C. § 1915.

Section 1915 of Title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2). An <u>in forma pauperis</u> complaint may be dismissed <u>sua sponte</u> and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. <u>Id.</u>; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

Even construing plaintiff's complaint generously, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), plaintiff's complaint is subject to dismissal for the reasons stated below.

<u>DISCUSSION</u>

As an initial matter, plaintiff's complaint fails to

conform with the Federal Rules of Civil Procedure.  Pursuant to Rule 10(b), "[a]ll averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . ."  Fed. R. Civ. P. 10(b).  Here, plaintiff's complaint asserts only that his constitutional rights were violated because of his arrest, detention and commitment to a state institution.  Plaintiff's complaint fails to include any factual allegations specifying the circumstances of the alleged constitutional violations.

Moreover, the Eleventh Amendment[1] generally is recognized as a bar to suits against a State, its departments and agencies unless the State has consented to suit.  <u>Alabama v. Pugh</u>, 438 U.S. 781, 781 (1978) (per curiam).  Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, ... a State cannot be sued directly in its own name regardless of the relief sought."  <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14 (1985) (citing <u>Pugh</u>).  Here, the

---

[1]The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

Commonwealth has not consented to suit, see <u>Brown v. Newberger</u>, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity).  Thus, the Eleventh Amendment bars plaintiff's suit against the Commonwealth.  See <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction).

CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>29th</u> day of <u>September</u>, 2004.

 s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

4